IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MARK FOUNTAIN, #K8577**                                                           **PLAINTIFF**

**v.**                                                        **CIVIL NO. 3:22-cv-550-HTW-LGI**

**COMMISSIONER BURL CAIN**
**and JOHN/JANE DOES**                                                    **DEFENDANTS**

### REPORT AND RECOMMENDATION

This case is before the Court on Defendant Cain's Motion [31] and Supplemental Motion [35] for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies. Having considered the parties' submissions and the applicable law, the undersigned recommends that Defendant Cain's Motions [31],[35] be granted with the modification that dismissal is without prejudice.

### I. BACKGROUND

Pro se Plaintiff Mark Fountain ("Plaintiff") is a post-conviction inmate incarcerated by the Mississippi Department of Corrections ("MDOC"). Plaintiff is proceeding *in forma pauperis*, subject to the Prison Litigation Reform Act ("PLRA"), and he brings this suit under 42 U.S.C. § 1983. *See* Compl. [1],[3]; Order [13]. The named Defendants are Burl Cain, Commissioner of MDOC; and John/Jane Does.

In short, Plaintiff claims that on April 15, 2022, while housed at the Central Mississippi Correctional Facility ("CMCF"), a faulty shower head caused water to puddle on the floor and he slipped and fell. *See* Compl. [1],[3]; Resp. [19]. Plaintiff

further alleges that he was denied adequate medical care after his fall and for the injuries he purportedly suffered from the fall. *Id*.

On September 11, 2023, Defendant Cain filed a Motion [31] for Summary Judgment, arguing Plaintiff failed to properly exhaust his available administrative remedies prior to filing this lawsuit. On November 20, 2023, Defendant Cain filed a Supplemental Motion [35] for Summary Judgement clarifying that Plaintiff (1) has not submitted any grievances with the prison administrative remedy program concerning the allegations presented in this case; and (2) Plaintiff has not submitted any grievances with the prison administrative remedy program in the calendar year of 2022. Plaintiff has not filed a response and the time for doing so has passed.

## II. ANALYSIS

A.  <u>Summary Judgment Standard</u>

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts and inferences are construed in the light most favorable to the non-moving party, *see Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010), "but conclusional allegations and unsubstantiated assertions may not be relied on as evidence by the nonmoving party." *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011).

Summary judgment is routinely utilized to decide if a prisoner completed pre-filing exhaustion in conditions-of-confinement cases. *See, e.g.*, *Wilson v. Epps*, 776 F.3d 296, 299 (5th Cir. 2015) (finding "there is no genuine issue of material fact as to

whether Wilson exhausted his administrative remedies, and summary judgment was appropriate"); *Dillon*, 596 F.3d at 272 ("[E]xhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time."). If a defendant meets his "initial summary judgment burden of showing that there [is] no genuine issue of material fact regarding exhaustion" and the prisoner-plaintiff "fail[s] to come forward with specific facts showing there [is] a genuine dispute as to exhaustion, the district court [is] required to dismiss his claims." *Jackson v. Hall*, 763 F. App'x 376, 376–77 (5th Cir. 2019) (affirming summary judgment dismissal for failure to exhaust administrative remedies, noting that district court did not err by ruling on prisoner's claims in the context of summary judgment without allowing discovery or conducting an evidentiary hearing).

B.   The PLRA's Exhaustion Requirement

The PLRA provides that an inmate may not sue under federal law until exhausting available administrative remedies. 42 U.S.C. § 1997e(a). The exhaustion requirement (1) "give[s] an agency an opportunity to correct its own mistakes . . . before it is haled into federal court" and (2) it permits "claim resolution in proceedings before an agency because it is faster and more economical than litigation in federal court." *Johnson v. Ford*, 361 F. App'x 752, 755 (5th Cir. 2008) (internal quotation marks and citations omitted) (discussing purposes of § 1997e(a)). It is well-settled that a prisoner must complete the exhaustion of available administrative remedies prior to filing his complaint. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) ("Pre-filing exhaustion is mandatory").

Although a prisoner is required to complete exhaustion prior to filing his lawsuit, exhaustion under the PLRA is an affirmative defense requiring Defendant Cain to demonstrate Plaintiff failed to exhaust available administrative remedies. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). To meet his summary judgment burden, Defendant Cain "must establish" without doubt "all of the essential elements of the defense of exhaustion." *Wilson*, 776 F.3d at 299 (citation omitted).

The PLRA dictates proper exhaustion, meaning that "prisoners must complete the administrative review process in accordance with the applicable procedural rules–rules that are defined not by the PLRA, but by the prison grievance process itself." *Butts v. Martin*, 877 F.3d 571, 582 (5th Cir. 2017) (quoting *Jones*, 549 U.S. at 218); *see also Cantwell v. Sterling*, 788 F.3d 507, 509 (5th Cir. 2015) (per curiam) ("Exhaustion is defined by the prison's grievance procedures, and courts neither may add to nor subtract from them."). Finally, to satisfy the exhaustion requirement, a prisoner must pursue the administrative remedy "to conclusion." *Wilson*, 776 F.3d at 301 (citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)).

C.   MDOC's Administrative Remedy Program

Initially, the undersigned notes that MDOC's Administrative Remedy Program ("ARP") is detailed in Chapter VIII of the Inmate Handbook. *See* [33] at 20–21.[1] Defendant Cain filed copies of the relevant Inmate Handbook as Attachments

---

[1] All citations to the Inmate Handbook refer to the Attachment designated as ECF No. 33 and reflect CM/ECF pagination.

4

[33], [35-3] to his Motions [31],[35] for Summary Judgment.[2]

MDOC implemented the Administrative Remedy Program statewide under the authority of Miss. Code Ann. § 47-5-801, and the two-step version of the program received court approval in *Gates v. Barbour*, No. 4:71-cv-6-JAD, Doc. 1242 (N.D. Miss. Aug. 19, 2010). The program is available for use by "all inmates committed to the custody of MDOC" in "all" institutions and facilities. [33] at 20.

The ARP is a two-step process through which an inmate may present grievances relating to his incarceration. *See* [33] at 20–21; *Jackson*, 763 F. App'x at 377. To utilize the ARP,

> [a]n inmate must file a grievance within 30 days of the complained of incident. The grievance is reviewed by the prison's legal-claims adjudicator and, if there is an adverse response at the first step, the inmate may appeal to step two. If the inmate disagrees with the step two response, he may sue.

*Wheater v. Shaw*, 719 F. App'x 367, 369–70 (5th Cir. 2018) (internal citations omitted). An MDOC inmate completes the exhaustion of his administrative remedies when he proceeds through both steps of the ARP process. *See Wilson*, 776 F.3d at 302 (discussing MDOC's ARP process); [33] at 20–21.

D. <u>Arguments of the Parties</u>

In support of his Motion for Summary Judgment, Defendant Cain submits two affidavits by Le Tresia Stewart, the Correctional Program Team Lead for the

---

[2] Since the PLRA "requires that administrative remedies be exhausted before the filing of a § 1983 suit," *see Wendell v. Asher*, 162 F.3d 887, 890 (5th Cir.1998), the rules governing MDOC's Administrative Remedy Program "at the time prior to the filing of [Plaintiff's] suit" apply. *Wilson*, 776 F.3d at 299.

Administrative Remedy Program at CMCF and custodian of the ARP records at CMCF. *See* Stewart Aff. [35-2] at 1; Stewart Aff. [31-2] at 1. Stewart avers that, "according to the records of the Administrative Remedy Program, Offender Mark Anthony Fountain, #K8577, did not file any requests seeking an administrative remedy during the calendar year of 2022." [35-2] at 1. Stewart further swears that Fountain "has not filed any grievances through the Administrative Remedy Program concerning allegations that he: 1) slipped and fell as a result of a faulty shower head and 2) was denied medical care afterwards." *Id*.

Defendant Cain maintains that Plaintiff failed to file any grievances related to his claims prior to filing this civil action. For these reasons, Defendant Cain argues he is entitled to summary judgment for Plaintiff's failure to exhaust his administrative remedies. Defendant Cain's Motions [31],[35] seek dismissal of this case with prejudice. As stated above, Plaintiff has not responded to the Motions [31],[35] for Summary Judgment and the time for doing so has expired.

E.   Discussion

Based on the parties' submissions, there is no genuine dispute as to Plaintiff's failure to complete the exhaustion of his administrative remedies prior to filing this Complaint. The records reflect that Plaintiff did not file a grievance regarding his claims with MDOC's administrative remedy program nor did he file a grievance in the calendar year of 2022. The Fifth Circuit takes a "strict approach" to the PLRA's exhaustion requirement, which includes proceeding through both steps of MDOC's ARP process. *Wilson,* 776 F. 3d at 299–302

6

(discussing MDOC's ARP process and affirming summary judgment for failure to exhaust). Likewise, a prisoner-plaintiff "must [ ] comply with all administrative deadlines and procedural rules" to satisfy the PLRA exhaustion requirement. *Lane v. Harris Cty. Med. Dep't*, 266 F. App'x 315, 315 (5th Cir. 2008). The records indicate that Plaintiff simply did not pursue his claims with the prison's administrative remedy program.

Defendant Cain maintains that Plaintiff failed to properly exhaust his available administrative remedies prior to filing his Complaint. In support of his Motion, Cain submits competent summary judgment evidence indicating that Plaintiff did not file a grievance with the administrative remedy program. Plaintiff has not responded. "Because [Plaintiff] fail[s] to come forward with specific facts showing there [is] a genuine dispute as to exhaustion," this Court is "required to dismiss his claims." *Jackson*, 763 F. App'x at 377 (citing *Gonzalez*, 702 F.3d at 788).

As a final point, the undersigned notes that dismissal for failure to exhaust under the PLRA is without prejudice. *See Bargher v. White*, 928 F.3d 439, 447–48 (5th Cir. 2019) (finding failure to exhaust "warrants dismissal without prejudice, which permits the litigant to refile if he exhausts or is otherwise no longer barred by the PLRA requirements"). Based on the foregoing, Defendant Cain's Motions for Summary Judgment should be granted with the modification that dismissal of this case should be without prejudice.[3]

---

[3] The summary judgment evidence also shows that Plaintiff has not exhausted his administrative remedies as to Defendants John/Jane Does. A defendant who has not appeared can benefit from the defenses raised by other defendants who have appeared. *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001) (holding non-appearing parties may "benefit from the appearing defendant's favorable

## III.  RECOMMENDATIONS

For the reasons stated, the undersigned recommends that:

1.  Defendant Cain's Motion [31] for Summary Judgment and Supplemental Motion [35] for Summary Judgment should be GRANTED with the modification that dismissal is without prejudice;

2.  This case be dismissed WITHOUT PREJUDICE; and

3.  A final judgment be entered as the adoption of this Report and Recommendation that will dispose of all the claims against all Defendants.

## IV.  NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party may serve and file written objections to the recommendations, with a copy to the United States District Judge, the Magistrate Judge, and the opposing party, within fourteen days after being served a copy of this recommendation.  Failure to timely file written objections to proposed findings, conclusions, and recommendations contained within this report and recommendation will bar that party from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court, except on the grounds of plain error.  *See* 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Services*, L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

This the 14th day of December, 2023.

s/ *LaKeysha Greer Isaac*
UNITED STATES MAGISTRATE JUDGE

---

summary judgment motion"). Therefore, Defendants John/Jane Does may benefit from Defendant Cain's Motion [31] for Summary Judgment and this entire civil action should be dismissed without prejudice.  *See, e.g.*, *Patel v. Haro*, 470 F. App'x 240, 245 (5th Cir. 2012) (affirming district court's decision allowing a non-appearing defendant "to benefit from the favorable disposition of the appearing defendants' summary judgment motion").